UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM MCNEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-00439-TWP-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner William McNeal was convicted of one count of felony possession of cocaine in an Indiana state court. Mr. McNeal now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims challenging the arresting officer's probable cause to detain him. Mr. McNeal's first claim is procedurally defaulted, and his remaining claims are barred by *Stone v. Powell*, 428 U.S. 465 (1976). Therefore, Mr. McNeal's petition for a writ of habeas corpus is **denied**, and a certificate of appealability will not issue.

**I. Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Supreme Court summarized the relevant facts and procedural history as follows:

> On August 28, 2015, police encountered a man lying face down on the sidewalk and called for medical assistance. Soon thereafter, William McNeal approached the scene and attempted to rouse the man to leave. Police on the scene [Officer Helton] noted that McNeal exhibited slurred speech, unsteady gait, and glassy eyes, and asked him to sit down. McNeal refused and then tripped over the man on the sidewalk and fell down. When McNeal tried to get up to leave, he fell down again,

> so police placed him in handcuffs to keep him seated. Medics arrived and determined that McNeal and the man should be transported to the hospital. During this period, police ran a check on McNeal's identification and discovered he had an outstanding arrest warrant. During a search before the medical transport, police found baggies of cocaine in McNeal's pants pocket.
>
> McNeal was charged with Level 5 felony possession of cocaine. Before and during trial, McNeal sought to exclude the cocaine evidence, contending it was obtained as a result of an unconstitutional detention. The trial court admitted the evidence and found McNeal guilty. McNeal appealed, and the Court of Appeals affirmed. *McNeal v. State,* 62 N.E.3d 1275 (Ind. Ct. App. 2016) [("*McNeal I*")]. Among other things, the Court of Appeals concluded McNeal's detention was supported by reasonable suspicion that he was publicly intoxicated, and thus the cocaine was properly admitted.

*McNeal v. State*, 76 N.E.3d 136, 136 (Ind. 2017) (per curiam) ("*McNeal II*"). The Indiana Court of Appeals also held that Mr. McNeal's detention was justified under the community caretaker doctrine. *McNeal I*, 62 N.E.3d at 1282−83.

Before the Indiana Supreme Court, Mr. McNeal (through counsel) argued only that the detention was not warranted under the community caretaker doctrine. The Indiana Supreme Court agreed and vacated that portion of the appellate court's decision, but it left intact Mr. McNeal's conviction. *McNeal II*, 76 N.E.3d at 137. Mr. McNeal filed a *pro se* petition for rehearing, but the Indiana Supreme Court denied it as untimely. *See* Dkt. 11-3 at 5.

Mr. McNeal then filed the petition for a writ of habeas corpus that is now pending before this Court. The petition alleges that

   1. Officer Helton perjured himself at Mr. McNeal's suppression hearing;

   2. the trial court erred in finding that Mr. McNeal's pre-detention behavior created a reasonable suspicion of public intoxication; and

   3. the trial court erred in concluding that Mr. McNeal's detention was based on a reasonable suspicion of public intoxication because Officer Helton testified that the detention was based on a concern for Mr. McNeal's apparent need for medical care.

Dkt. 1. The petition also alleges ineffective assistance of appellate counsel, but Mr. McNeal later explained that he was not seeking habeas corpus relief on that claim. Dkt. 12 at 3−4 ("Petitioner

does not argue the ineffective assistance of appellant counsel in his writ of habeas corpus, but provides the Court with this information showing the proceedings that has brought petitioner to a writ of habeas corpus to be reviewed for correctness with evidence.").

## II. Applicable Law

Federal habeas corpus relief is available only to petitioners in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). But that is far from the only requirement for habeas relief.

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," that claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). And a petitioner cannot obtain relief on a procedurally defaulted claim without showing either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

Moreover, a petitioner asserting a claim based on the Fourth Amendment must show more than a mere constitutional violation. He must show that the state courts did not provide "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976). So long as the state court "heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," federal habeas review is precluded. *Monroe v. Davis*, 712 F.3d 1106, 1115 (7th Cir. 2013).

### III. Discussion

**Ground 1: Alleged Perjury by Officer Helton**

Mr. McNeal did not raise Officer Helton's alleged perjury before the Indiana Court of Appeals on direct review. *See* Dkt. 11-4 at 7−12 (arguing only that the trial court erred in finding reasonable suspicion based on public intoxication and that the community caretaker exception does not apply). He nevertheless argues that the default should be "waived . . . due to the discretion of the courts through direct appeal and petition for rehearing in the Supreme Court that was denied untimely though it indeed was timely." Dkt. 26 at 8. To the extent that Mr. McNeal argues he satisfied *Boerckel* by presenting his perjury claim to the Indiana Supreme Court in his petition for rehearing, that argument fails. Even if presenting the issue in an untimely petition for rehearing constituted fair presentment to the Indiana Supreme Court — and it does not — Mr. McNeal still failed to present this claim through "one complete round" of Indiana's established appellate review process, as he failed to present it at all to the Indiana Court of Appeals. *See Boerckel*, 526 U.S. at 845. Accordingly, this claim is defaulted. *Id.*; *Hicks*, 871 F.3d at 530−31.

Mr. McNeal does not argue cause and prejudice or a fundamental miscarriage of justice, and neither is apparent from the record. This claim is therefore **denied** based on procedural default. *See McDowell*, 737 F.3d at 483.

**Grounds 2 and 3: Alleged Error in Finding Reasonable Suspicion to Justify Seizure**

Mr. McNeal alleges that his initial seizure and subsequent arrest violated the Fourth Amendment because Officer Helton had no reasonable suspicion to justify the seizure (Ground 2) and because Officer Helton testified that the seizure was based on Mr. McNeal's apparent need for medical care, not reasonable suspicion of a crime (Ground 3).

This Court must determine whether the state courts provided Mr. McNeal "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone*, 428 U.S. at 494. In particular, this Court looks to *McNeal I*, the last state court decision to address the merits of Mr. McNeal's reasonable suspicion argument. *See Monroe*, 712 F.3d at 1115−16 (considering whether state appellate court provided "full and fair" hearing on Fourth Amendment claim).

Here, the Indiana Court of Appeals considered Mr. McNeal's claim and relied on relevant Supreme Court case law in deciding it. *See McNeal I*, 62 N.E.3d at 1284 (citing *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006)). And there is no indication that the Indiana Court of Appeals conducted a sham hearing or reached an intellectually dishonest result. Accordingly, Mr. McNeal's Fourth Amendment claims are **denied**. *See Stone*, 428 U.S. at 494.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." No reasonable jurist could dispute that Ground 1 is procedurally defaulted or that Grounds 2 and 3 are barred by *Stone*. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

Mr. McNeal's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 8/2/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM MCNEAL
857 West More Dr.
Indianapolis, IN 46214

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov